UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Deena M. Goodwin, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | C.A. No.02:06-cv-283 | |
| § | | |
| Michael J. Astrue, Commissioner of § | | |
| The Social Security Administration § | | |
|    Defendant. § | | |

**MEMORANDUM OPINION AND ORDER TO AFFIRM THE
DETERMINATION OF THE COMMISSIONER**

This is an appeal of the commissioner's determination that plaintiff is not disabled. On May 22, 2007, the Magistrate Judge filed a Memorandum and Recommendation (D.E. 15) to affirm the commissioner's determination. Plaintiff timely filed objections. (D.E. 18) Having reviewed the pleadings, briefs, administrative record, and all evidence on file, the Court accepts the recommended decision of the Magistrate Judge and adopts the Memorandum as its own.

Plaintiff objects that remand is required because of an alleged conflict between the plaintiff's mental residual functional capacity (RFC) and the Dictionary of Occupational Titles (DOT). In questioning the vocational expert, the administrative law judge described the plaintiff's mental RFC as permitting "work of a routine, repetitive nature, not highly detailed, nor highly complex." (D.E. 9, Tr. 319). The vocational expert testified that four occupations consistent with the plaintiff's RFC were sufficiently available in the Texas and National economies: a telephone quotation clerk (DOT § 237.367-046); a surveillance system

monitor (DOT § 379.367-010); a call operator (DOT § 237.367-014); and a charge account clerk (DOT § 205.367-014). According to the DOT, these jobs each require a level three reasoning developmental level. Level three reasoning is described as the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form," and "[d]eal with problems involving several concrete variables in or from standardized situations." DICTIONARY OF OCCUPATIONAL TITLES, 4th ed. 1991, appendix. C.

In support of her objection, plaintiff cites *Hacket v. Barnhart*, which held that reasoning level three is inconsistent with "simple and routine" work tasks and resulted in a remand in a case similar to this one. 395 F.3d 1168, 1176 (10th Cir. 2005). Plaintiff also cites district court opinions from various circuits that have found a conflict in similar situations.

Until adopted by the Fifth Circuit, the Court declines to follow the rule applied in *Hacket v. Barnhart*. Here, as in *Carey v. Apfel*, there is "merely an alleged conflict" between the vocational expert's testimony and the DOT. 230 F.3d 131, 146 (5th Cir. 2000). The administrative law judge described the hypothetical plaintiff as being able to do routine and repetitive work that was not *highly* detailed nor *highly* complex. This implies an ability to deal with some detail and complexity. There is nothing inherently inconsistent with the mental RFC described by the administrative law judge and the ability to deal with "problems involving several concrete variables." DICTIONARY OF OCCUPATIONAL TITLES, 4th ed. 1991, appendix. C.

Because there was no apparent conflict or inconsistency with the reasoning level of the available jobs and the plaintiff's mental RFC, the administrative law judge had no duty to ask the vocational expert about any conflicts between her testimony and the DOT. SSR 00-4P, 2000 WL 1898704 (S.S.A.).

The Court GRANTS summary judgment in favor of defendant. The Commissioner's disability determination is AFFIRMED.

ORDERED August 24, 2007.

_____
HAYDEN HEAD
CHIEF JUDGE